IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-260 |
| | ) | |
| KAHLIL SHELTON | ) | |
| DERON HOWELL | ) | |
| | ) | |

GOVERNMENT'S MOTION *IN LIMINE* TO INSTRUCT THE JURY WITH THE THIRD CIRCUIT MODEL JURY INSTRUCTIONS AND SPECIFIC THIRD CIRCUIT INSTRUCTION REQUESTS

AND NOW, comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Timothy Lanni and Jeffrey Bengel, Assistant United States Attorneys for said district, submits the following motion *in limine:*

At the outset of this filing, the Government would note that it submitted its proposed final jury instructions and a proposed verdict sheet on May 15, 2018 to the Court and counsel. This submission is attached as Exhibit A. The Government's proposed final jury instructions included only model criminal jury instructions from the United States Court of Appeals for the Third Circuit. The Court subsequently indicated that it would like to use the Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit to charge the jury in this case.[1] While the Government recognizes

---

[1] The judge presiding over this trial is the Honorable Billy Roy Wilson, a judge from the Eastern District of Arkansas within the Eighth Circuit of Appeals. Judge Wilson is sitting by designation and presiding over this trial in the Western District of Pennsylvania, within the Third Circuit of Appeals.

the court's preference for using the Eighth Circuit jury instructions, the Government submits that this would not be proper. The venue for this trial is in the Western District of Pennsylvania, within the jurisdiction of the United States Court of Appeals for the Third Circuit.. Further, the Government has presented evidence at the trial that fully supports all of the requested Third Circuit instructions.

It is axiomatic that a district court is bound to apply its appellate court's precedent. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984). "Under the 'allocation of authority established by the three-tier system of federal courts,'" a district court is obliged to follow Third Circuit precedent unless that precedent has been overruled by the court of appeals sitting in banc or by an opinion of the Supreme Court that overrules the precedent. *Casey v. Planned Parenthood*, 14 F.3d 848, 856 (3d Cir. 1994) (internal quotations omitted). Simply put, while it is important for federal courts to recognize and be respectful of each other's interpretation of law, a district court is bound to apply the precedent of its appellate court.  "Davis acknowledged that under Eighth Circuit precedent, a buyer–seller instruction is inappropriate when there is evidence of multiple sales of controlled substances in resale quantities. However, Davis urged the district court to adopt the buyer–seller instruction that other circuits employ. The district court declined, stating that it 'is bound by the binding precedent in this circuit regardless of what other circuits have determined.'" *United States v. Davis,* 867 F. 3d 1021, 1033 (8th Cir. 2017). Accordingly, it is the Government's position that the law of this district and of the

Third Circuit must be applied to the jury instructions in this case.

While the Government maintains that the Third Circuit jury instructions should be applied as a matter of course, it also believes that the Third Circuit jury instructions must be applied because there is substantial differences in the substantive law of the instructions. Further, the Government is also requesting two separate bases of criminal liability, which were set forth in the indictment and submitted as part of the Government's initial proposed instructions, but not included within the court's draft of its jury instructions. These two instructions are 1) responsibility for substantive offenses committed by co-conspirators, so – called *Pinkerton* liability; and, 2) aiding and abetting. The Government's submission for instruction of responsibility for substantive offenses committed by co-conspirators is covered on pages 9 – 10 of Exhibit A.

To begin, the Government does not need to charge a conspiracy within the indictment in order for *Pinkerton* liability to apply. *United States v. Lopez*, 271 F.3d 472 (3d Cir. 2001). However, in this case the Government has charged Deron Howell and Kahlil Shelton with Conspiracy to Possess with the Intent to Distribute (Count 1), Conspiracy to Commit Hobbs Act Robbery (Count 3), and Deron Howell with Conspiracy to Commit Hobbs Act Robbery (Count 8). Further, the Government has presented evidence at trial that Deron Howell and Kahlil Shelton conspired together with a third person to commit the Hobbs Act Robbery of Brandon Cavey and/or Octavio Marinello, actually robbed them, and discharged firearms in the process. There was also evidence introduced at trial

that this robbery was part of the conspiracy to possess with the intent to distribute marijuana. There was also testimony that Deron Howell conspired with two unknown individuals in order to rob Ormandy Hearn, Marcus Carr, Daejuan Tucker, and/or Anthony Nails. Given the conspiracy charges included with the indictment as well as the evidence introduced at trial, the Government believes that the court must instruct the jury on *Pinkerton* liability as to Counts 2, 4, 5, 9, and 10.

Additionally, there are substantial differences between the model Eighth and Third Circuit charges for *Pinkerton* liability. The model Eighth Circuit charge is as follows:

> If you find the defendant guilty of conspiring to commit the crime of (insert name offense alleged in the indictment being submitted to the jury, e.g., mail fraud), you must then consider whether the defendant also committed the crime of (insert name of substantive
> offense being submitted to the jury, e.g., money laundering).
>
> Because a member of a conspiracy is responsible for a crime committed by another member of the conspiracy, the following elements must be proved in order for you to find that the defendant committed the crime of (insert name of substantive offense being submitted to the jury, e.g., money laundering):
>
> One, (name of person) committed the crime of (e.g., money laundering), [as set forth in instruction number (insert instruction number that has the elements of money laundering)];
>
> Two, (name of person) was a member of the conspiracy at the time the (e.g., money laundering) was committed;
>
> Three, (name of person) committed the crime of

(e.g., money laundering) in furtherance of the conspiracy;

Four, the (e.g., money laundering) was within the
scope of the conspiracy, or was reasonably foreseeable
as a necessary or natural consequence of the conspiracy;
and;

Five, (name of the defendant) was also a member of
the conspiracy at the time the (e.g., money laundering)
was committed.

The Third Circuit charges are as follows: **Count***(s)* *(no.)* **of the indictment**

**charge***(s)* **that on or about the___ day of _____, 2__, in the _____ District of**

**_____,** *(name of defendant)* **committed** *(state offense(s)).*

**The government may prove** *(name)* **guilty of** *(this) (these)* **offense***(s)* **by proving**

**that** *(name)* **personally committed it** *(them)*.  **The government may also prove** *(name)*

**guilty of** *(this) (these)* **offense***(s)* **based on the legal rule that each member of a**

**conspiracy is responsible for crimes and other acts committed by the other members,**

**as long as those crimes and acts were committed to help further or achieve the**

**objective of the conspiracy and were reasonably foreseeable to** *(name)* **as a necessary**

**or natural consequence of the agreement.  In other words, under certain**

**circumstances the act of one conspirator may be treated as the act of all.  This means**

**that all the conspirators may be convicted of a crime committed by any one or more**

**of them, even though they did not all personally participate in that crime themselves.**

**In order for you to find** *(name)* **guilty of** *(state offense(s))* **charged in Count***(s)*

*(no.)* **based on this legal rule, you must find that the government proved beyond a**

reasonable doubt each of the following four (4) requirements:

> **First: That** *(name)* **was a member of the conspiracy charged in the indictment;**
>
> **Second: That while** *(name)* **was still a member of the conspiracy, one or more of the other members of the conspiracy committed the offense***(s)* **charged in Count***(s) (no)***, by committing each of the elements of** *(that) (those)* **offense***(s)***, as** *(I explained) (will explain)* **those elements to you in these instructions.** *[However, the other member(s) of the conspiracy need not have been found guilty of (or even charged with) the offense(s), as long as you find that the government proved beyond a reasonable doubt that the other member(s) committed the offense(s).]*
>
> **Third: That the other member***(s)* **of the conspiracy committed** *(this) (these)* **offense***(s)* **within the scope of the unlawful agreement and to help further or achieve the objective***(s)* **of the conspiracy; and**
>
> **Fourth: That** *(this) (these)* **offense***(s)* *(was) (were)* **reasonably foreseeable to or reasonably anticipated by** *(name)* **as a necessary or natural consequence***(s)* **of the unlawful agreement.**

**The government does not have to prove that** *(name)* **specifically agreed or knew that** *(this) (these)* **offense***(s)* **would be committed.  However, the government must prove that the offense***(s) (was) (were)* **reasonably foreseeable to** *(name)***, as a member of the conspiracy, and within the scope of the agreement as** *(name)* **understood it.**

*[As I have instructed you, in order to prove that (name) was a member of the conspiracy charged in the indictment, the government must prove that (name) knew of the objective(s) of the*

*conspiracy to commit an offense(s) against the United States, namely the offense(s) of (state the*

*offense(s) alleged as the object(s) of the conspiracy), and intended to join together with at least*

*one other alleged conspirator to achieve (that) (these) objective(s). However, for you to find name*

*guilty of (state offense(s)) charged in Count(s) (no.) based on the rule that each member of a*

*conspiracy is responsible for crimes committed by the other members, the government does not*

*have to prove that (name) specifically agreed or knew that (this) (these) offense(s) would be*

*committed, as long as the government proves that the offense(s) (was) (were) reasonably*

*foreseeable to (name), as a member of the conspiracy, and within the scope of the agreement as*

*(name) understood it.]*

As shown above, the elements of the instruction are completely different. The Eighth Circuit even has an additional element not included or subsumed within the Third Circuit charges. Therefore, the Government would request both a *Pinkerton* liability charge for the counts mentioned above and previously as well as the Third Circuit's charges.

In addition to its request for a *Pinkerton* liability charge, the Government is also requesting as it has done previously, an aiding and abetting charge for Counts 4, 5, 9, and 10 of the indictment. The Government charged 18 U.S.C. § 2 in Counts 4, 5, 9 and 10. Further, there has been overwhelming evidence in both sets of the charges of accomplice liability. As to Counts 4 and 5, there has been testimony by Brandon Cavey and Octavio Marinello that Kahlil Shelton held them at gun point while Howell robbed them of marijuana. Additionally, there was testimony that a third unknown co-conspirator shot

Octavio Marinello to aid Shelton and Howell in the course of the robbery. As to Counts 9, 10 there was testimony from all four victims that Howell pulled the car over to a location where two other unknown individuals held the four victims at gunpoint. The two unknown gunmen then held the four victims at gunpoint while Howell went through their pockets, stripped and robbed them. Therefore, the Government requests, as previously requested, an aiding and abetting charge for both Deron Howell and Kahlil Shelton in Counts 4 and 5 and for Deron Howell in Counts 9 and 10.

The Government in requesting this aiding and abetting instruction also requests the Third Circuit instruction as it is markedly different than the Eighth Circuit instruction. Specifically, in element two, the Eighth Circuit instruction states:

2) have had enough advance knowledge of the extent and character of [specify the crime] that [he][she] was able to make the relevant choice to walk away from [specify the crime]
before all elements of (insert principal offense) were complete; [and]

The Third Circuit instruction to element two states:

**Second:  That** *(name of defendant)* **knew that the offense***(s)* **charged** *(was) (were)* **going to be committed or** *(was) (were)* **being committed by** *(name of alleged principal)***, and**

Just in this one element alone there is markedly different language. The Eighth Circuit imposes a renunciation of the crime possibility that is not existent in the Third Circuit. This is a major change.

It also irrelevant for both the *Pinkerton* liability request and the aiding and abetting request that unknown co-conspirators and accomplices are included within this theory

of liability. In fact, the Government actually charged that the conspiracy in both Counts 1, 3, and 8 was with persons both known and unknown to the grand jury. If the indictment names even persons unknown as co-conspirators, and there is evidence to support the charge that one of the two defendants conspired with the unknown persons, that defendant's conviction may stand in spite of the fact that the other defendant was acquitted. United States v. Gordon, 242 F.2d 122, 125 (3d Cir. 1957); Cross v. United States, 392 F.2d 360, 362 (8th Cir. 1968).

Additionally, as to Count 10, there is no testimony that Deron Howell actually possessed a gun on July 26 or 27, 2017. However, there is voluminous testimony from four different witnesses that Howell conspired to have two unknown individuals rob the victims at gun point while they pointed two firearms at them and Howell striped their pockets. The lack of evidence as to Deron Howell's gun possession does not preclude the Government from receiving a proper instruction on Count 10 for both aiding and abetting the brandishing as well as Howell's *Pinkerton* liability for the substantive acts of a conspiracy because there is evidence that Howell created and knew that they would be brandishing firearms. Although the defendant did not personally use or carry the firearm, the defendant may be found guilty of violating § 924(c) under the theory of *Pinkerton v. United States,* 328 U.S. 640 (1946). *See* Third Circuit Model Jury Instruction 6.18.924B, Comment. Additionally a defendant may be found guilty of aiding and abetting a 924(c) even when there is no testimony that he used or carried a firearm.

Rosemond v. United States, 134 U.S. 1240 (2014).

In addition to these inclusions, the Government also requests that "discharge" be added to all language for Count 5. This was omitted in the preliminary instructions and the Government also objected at that time. The Government charged using, carrying, brandishing, and/or discharge in Count 5. Discharge also carries a mandatory minimum 10 year penalty and must be submitted to the jury. A special interrogatory should also be included on Count 5 for each defendant as to this element.

Additionally, the Government would note that as a matter of law, it is for the court to declare both Conspiracy to Possess with the Intent to Distribute Marijuana and Possession With Intent to Distribute Marijuana and Conspiracy to Commit Hobbs Act Robbery and Hobbs Act Robbery as a drug trafficking crime and a crime of violence. The question of whether the predicate offense qualifies as a crime of violence or a drug trafficking offense is a question of law for the court. *See United States v. Moore,* 38 F.3d 977 (8th Cir. 1994); *United States v. Weston*, 960 F.2d 212 (1st Cir. 1992). *See also United States v. Thomas*, 703 F. App'x. 72 (3d Cir. 2017) (non-precedential)(concluding that attempted robbery of a postal employee as charged in the defendant's case was a crime of violence); *United States v. Galati*, 844 F.3d 152 (3d Cir. 2016) (discussing determination of whether predicate offense was a crime of violence and stating "we may look to the contemporaneous convictions of the predicate crime and of § 924(c) to determine if the facts underlying the § 924(c) conviction render the commission of the predicate crime a

'crime of violence'").  Therefore, the words "robbery" and "possession with intent to distribute marijuana" should be replaced with "a drug trafficking crime" and "crime of violence." Additionally, the conspiracies to commit both should be added.

There are also substantial differences for Conspiracy to Commit Hobbs Act Robbery in the Eighth and Third Circuit instructions. The Eighth Circuit instruction includes an overt act. *United States v. Farmer*, 73 F.3d 836, 841 (8th Cir. 1996). The Third Circuit does not. *United States v. Salahuddin,* 765 F.3d 329 (3d Cir. 2014). This is a major difference that cannot be edited or changed.

The same applies for the difference between the Hobbs Act robbery instructions between the Eighth and Third Circuit. The Eighth Circuit instruction is as follows:

The crime of interference with commerce by means of [robbery][attempted robbery],1 as charged in [Count _____] of the Indictment, has four elements, which are:

*One*, on or about [date], the defendant knowingly [robbed][attempted to rob] (describe place/entity, e.g., John's Mini Mart in Mason City, Iowa);

*Two,* the robbery involved (describe personal property, e.g., $10,000 cash);

*Three*, (describe personal property, e.g., $10,000 cash) was in the [custody][possession] of (describe victim(s), e.g., an employee of John's Mini Mart in Mason City, Iowa); and

*Four*, the defendant's actions [obstructed][delayed][affected] commerce in some way or degree.

"Robbery" means the unlawful taking or obtaining of personal property from the person
or in the presence of another, against the person's will. The unlawful taking or obtaining must
occur by means of [actual force][threatened force] [violence][fear of injury], whether

immediately or in the future, to the person's [body][property][property in the person's custody or
possession]. [The [actual force][threatened force][violence][fear of injury] can also be to the
[person][property] of [a relative or member of the person's family][anyone in the person's
company at the time of the taking or obtaining].]


The term "commerce" includes, among other things, travel, trade, transportation, and
communication. And, it also means (1) all commerce between any point in one State and any
point outside of that State, and (2) all commerce between points within the same State through
any place outside of that State.2


The phrase "[obstructed][delayed][affected] commerce" in element four means any
action which, in any manner or to any degree interferes with, changes, or alters the movement or
transportation or flow of goods, merchandise, money, or other property in commerce.
[In considering the [fourth] element, you must decide whether there is an actual effect on
commerce. If you decide that there was any effect at all on commerce, then that is enough to
the following: [depletion of the assets of a business operating in commerce,] [the temporary
closing of a business to recover from the robbery,] [robbery of a business covered by an
out-of-state insurer,] [loss of sales of an out-of-state commercial product,] or [business
slowdown as a result of the robbery]. [The robbery of a local or "mom and pop" business can
have the necessary [minimal effect] [probable or potential effect] on commerce, so long as the
business dealt in goods that moved through "commerce," as defined above.] 4
It is not necessary for the [government] [prosecution] to show that the defendant actually
intended or anticipated an effect on commerce. All that is necessary is that commerce [was
affected] [would probably or potentially be affected]4 as a natural and probable consequence of
the defendant's actions.

12

The Third Circuit instruction is as follows: **In order to sustain its burden of proof for the crime of interfering with interstate commerce by** *(robbery)(extortion)* **as charged in Count** *(No.)* **of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:**

> **First: That Defendant** *(name)* **took from** *(the victim alleged in the indictment)* **the property described in Count** *(No.)* **of the indictment;**

> **Second: That** *(name)* **did so knowingly and willfully by** *(robbery) (extortion)***; and**

> **Third: That as a result of** *(name)***'s actions, interstate commerce** *(an item moving in interstate commerce)* **was obstructed, delayed, or affected.**

In the Third Circuit charge, the third element is defined as: **The third element that the government must prove beyond a reasonable doubt is that** *(name)***'s conduct affected or could have affected interstate commerce.   Conduct affects interstate commerce if it in any way interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states.  The effect can be minimal.**

**It is not necessary to prove that** *(name)* **intended to obstruct, delay or interfere with interstate commerce or that the purpose of the alleged crime was to affect interstate commerce.  Further, you do not have to decide whether the effect on interstate commerce was to be harmful or beneficial to a particular business or to commerce in general.  You do not even have to find that there was an actual effect on commerce.  All that is necessary to prove this element is that the natural consequences**

**of the offense potentially caused an effect on interstate commerce to any degree, however minimal or slight.**

The two definitions of "affecting interstate commerce" could not be more different. The Government first argues that the Eighth Circuit's definition is plainly inapplicable because there are numerous factual examples which are not appropriate based on the evidence in this case. This case does not involve a robbery of a store or a depletion of assets or any of these scenarios. These examples were all included with the court's proposed version. The Eighth Circuit's version will not work because it does not have the basic definition that the Third Circuit does. The Eighth Circuit instruction also does not include that commerce was obstructed, delayed, or affect. It simply states, "actions affected commerce in some way or degree." Court Proposed Charges, p. 11. Further, the proposed Eighth Circuit instruction has additional elements not included within the Third Circuit charge. The Eighth Circuit instruction adds a fourth element of actually affected. The explanation language for this element says, "In considering the fourth element, you must decide whether there is an actual effect on commerce." The Third Circuit instruction states, "**The third element that the government must prove beyond a reasonable doubt is that** *(name)***'s conduct affected or could have affected interstate commerce."**

The evidence adduced at trial from both defense and the Government, is that the first robbery involved a large amount of marijuana approximately $15,000 worth. In *Taylor v. United States*, 136 S.Ct. 2074 (2016), the Court recognized that Congress intended

14

the Hobbs Act to have a broad reach.  The Court held that the government satisfied the interstate commerce requirement by proving that the defendant's robberies targeted marijuana and marijuana proceeds, even though they did not net any drugs or drug proceeds.  The Court concluded, further, that it was inconsequential that the targeted dealers dealt only in *intrastate* marijuana.  Because Congress has authority under the Commerce Clause "to regulate the national market for marijuana, including the authority to proscribe the purely intrastate production, possession, and sale of this controlled substance," Congress "may also regulate intrastate drug theft."  *Taylor*, 136 S.Ct. at 2077. Using the Eighth Circuit's language and specific examples, which do not contemplate this type of interstate commerce, would confuse and misled the jury. To be clear, although the Government maintains that an instruction that purely intrastate marijuana trafficking could be considered to affect interstate commerce under *Taylor* would be proper, it is not requesting it. The Government is only requesting the Third Circuit model charge consistent with where the events in this case took place.

The Government also believes that the court's proposed instruction No. 11, p. 13 and No . 14 must be changed. The proposed charges on these pages are for possession of a firearm in furtherance of a drug trafficking crime and/or crime of violence. The indictment charges using, carrying, brandishing, and/or discharging a firearm during and in relation to a drug trafficking crime or crime of violence. These are two different charges. Further, the jury must be instructed separately on each element of using and

carrying, brandishing, and/or discharging. In *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Court held that the determination of whether the defendant brandished the gun is an element of the offense rather than a sentencing factor and must be determined by the jury, overruling *Harris v. United States*, 536 U.S. 545 (2002). As a result, if the defendant is charged with brandishing or discharging the weapon, the jury should be instructed to determine separately whether the evidence establishes beyond a reasonable doubt that the defendant used the firearm in the manner alleged and should be given a special interrogatory to guide the determination. *See also United States v. LaPrade*, 673 F.App'x. 198 (3d Cir. 2016) (non-precedential) (finding error where court sentenced defendant for discharging weapon without having submitted question to jury).

The Government then also believes that the verdict slip must be updated for Counts 5 and 10 for each defendant as well. Count 5 must have separate lines and interrogatories for brandishing and discharge. Count 10 must have a separate line and interrogatory for brandishing.

The Government submits that there was overwhelming evidence put forth at the trial for a *Pinkerton* and aiding and abetting instruction to be given. These instructions alone differ substantially from the Eighth Circuit instructions. As stated above, there are simply too many differences on too many important charges to be reconciled.

16

The Government understands and respects the courts desire to use the Eighth Circuit's simplified version of which they have created a draft. However, as detailed above, the differences are simply too great between the circuits.

Respectfully Submitted,

SCOTT W. BRADY
United States Attorney


*s/ Timothy M. Lanni*
TIMOTHY M. LANNI
Assistant U.S. Attorney
NJ ID No. 011242012

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            )
                                    )
                v.                  )        Criminal No.      17-260
                                    )
KAHLIL SHELTON                      )
DERON HOWELL                        )

## GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS

AND NOW, comes the United States of America, by its attorneys, Scott Brady, United States Attorney for

the Western District of Pennsylvania, and Timothy Lanni, Assistant United States Attorney for said district, and hereby

submits the following additional proposed final jury instructions:

Witness Who Has Pleaded Guilty to the Same or Related Charges

You have heard evidence that Octavio Marinello pleaded guilty to charges arising from the events that are

the subject of this trial.  You must not consider Marinello's guilty plea as any evidence of Kahlil Shelton's or Deron

Howell's guilt.  Marinello's decision to plead guilty was a personal decision about his own guilt.  You should disregard

Marinello's guilty plea completely when considering defendants' guilt or innocence.

Instead, you may consider Marinello's guilty plea only for the purpose of determining how much, if at all, to

rely upon his testimony; foreclosing the suggestion that the party producing the witness was concealing evidence;

rebutting the inference that the witness was not prosecuted and that Kahlil Shelton or Deron Howell was singled out

for prosecution; explaining the witness's firsthand knowledge of the events; or rebutting the assertion that Marinello

was acting as a government agent while engaged in the activities that formed the basis of the guilty plea.

You should give Marinello's testimony the weight you believe it deserves, keeping in mind that it must be

considered with caution and great care.

Authority:          Third Circuit Model Criminal Jury Instructions § 2.22

Separate Consideration – Multiple Defendants Charged with the Same Offenses

The defendants Kahlil Shelton and Deron Howell are both charged with more than one offense; each offense

is charged in a separate count of the indictment.  The number of offenses charged is not evidence of guilt, and this

should not influence your decision in any way.  Also, in our system of justice, guilt or innocence is personal and individual.  You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense.  For each defendant and offense, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.  Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses.  Each offense and each defendant should be considered separately.

<u>Authority</u>:        Third Circuit Model Criminal Jury Instructions § 3.14

<u>Opinion Evidence (Expert Witnesses)</u>

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Maria Marla Priestley and Bryan Gray.  Because of their knowledge, skill, experience, training, or education in the fields of fingerprint collection and analysis, and cell site data analysis, respectively, Ms. Priestley and Mr. Gray were permitted to offer opinions in those fields and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witnesses' qualifications, the reasons for the witnesses' opinions, and the reliability of the information supporting the witnesses' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide that Ms. Priestley's or Mr. Gray's opinion is not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

<u>Authority</u>:        Third Circuit Model Criminal Jury Instructions § 4.08

<u>Fingerprint Evidence</u>

When the identity of the person who committed a crime is in question, the parties may introduce fingerprint

evidence to try to prove who committed the crime.  To do this, a party may present a "known" sample of a person's fingerprint, one that is proved to come from that person.  This known fingerprint sample is then compared with any fingerprint being introduced to prove who committed the crime.  In this case, the "known" sample is the fingerprint taken from a government database and testimony produced by the government which, if believed, establishes that the fingerprint from the database is Kahlil Shelton's.  The disputed evidence is the fingerprint that was found at the scene of the crime.

In this case you also heard the testimony of Maria Marla Priestley, a witness who claims special qualification in the field of fingerprint identification.  The witness was allowed to express an opinion in order to help you decide whether the disputed fingerprint connected to the crime in question is Kahlil Shelton's fingerprint.  You may therefore consider the witness's opinion in reaching your independent decision on this issue.

<u>Authority</u>:        Third Circuit Model Criminal Jury Instructions § 4.13

<u>Consciousness of Guilt (Flight)</u>

You have heard testimony that after the crimes were allegedly committed, Deron Howell fled from the robbery location in Pittsburgh and Deron Howell and Kahlil Shelton fled from 9108 Marshall Road in Cranberry.

If you believe that Deron Howell and Kahlil Shelton each fled, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that the defendant committed the crime charged.  This conduct may indicate that the defendant thought he was guilty of the crime charged and was trying to avoid punishment.  On the other hand, sometimes an innocent person may flee for some other reason.  Whether or not this evidence causes you to find that the defendant was conscious of his guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts.

<u>Authority</u>:        Third Circuit Model Criminal Jury Instructions § 4.30.

<u>Conspiracy</u>

There are three conspiracy counts in the indictment.  It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

20

*Conspiracy to Possess with the Intent to Distribute a Controlled Substance*

Count 1 of the indictment charges that Kahlil Shelton and Deron Howell each agreed or conspired with one or more other persons to possess with the intent to distribute a controlled substance. In order for you to find Kahlil Shelton or Deron Howell guilty of conspiracy to possess with the intent to distribute a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements as to that defendant:

| | |
|---|---|
| First: | That two or more persons agreed to possess with the intent to distribute a controlled substance. I will explain the elements of this offense to you shortly. |
| Second: | That the defendant was a party to or member of that agreement; and |
| Third: | That the defendant joined the agreement or conspiracy knowing of its objective to possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective. |

*Conspiracy to Commit Hobbs Act Robbery*

Count 3 of the indictment charges that, on or about August 7, 2017, Kahlil Shelton and Deron Howell agreed or conspired with one or more other persons to obstruct, delay and affect interstate commerce by robbery. Similarly, Count 8 of the indictment alleges that, on or about July 27, 2017, Deron Howell agreed or conspired with one or more other persons to obstruct, delay and affect interstate commerce by robbery.

In order for you to find Kahlil Shelton or Deron Howell guilty of conspiracy to obstruct interstate commerce by robbery, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements as to that defendant:

| | |
|---|---|
| First: | That two or more persons agreed to obstruct interstate commerce by robbery. I will explain the elements of this offense to you shortly. |
| Second: | That the defendant was a party to or member of that agreement; and |
| Third: | That the defendant joined the agreement or conspiracy knowing of its objective to obstruct interstate commerce by robbery and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective. |

I will now explain the elements of a criminal conspiracy in more detail.

*Conspiracy – Existence of an Agreement*

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit an offense against the United States—here, the offense of possession with the intent to distribute a controlled substance or Hobbs Act Robbery.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished.  The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

*Conspiracy – Membership in the Agreement*

If you find that a criminal agreement or conspiracy existed, then in order to find Kahlil Shelton or Deron Howell guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged

conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or knew everyone involved in it, or was a member from the beginning. The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

*Conspiracy – Mental States*

In order to find Kahlil Shelton or Deron Howell guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove as to that defendant:

First:	That the defendant knew of the objective or goal of the conspiracy;

Second:	That the defendant joined the conspiracy intending to help further or achieve that goal or objective; and

Third:	That the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether he had the required knowledge and intent. For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that he had the required intent or purpose that the conspiracy's objective be achieved.

*Conspiracy – Success Immaterial*

The government is not required to prove that any of the members of the conspiracy were successful in achieving any of the objectives of the conspiracy. You may find Kahlil Shelton or Deron Howell guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

*Conspiracy – Acts and Statements of Co-Conspirators*

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of Kahlil Shelton or Deron Howell, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against Kahlil Shelton or Deron Howell any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

<u>Authority</u>: Third Circuit Model Criminal Jury Instructions §§ 6.21.846B, 6.18.1951, 6.18.371C-E, G, K, and notes.

*Responsibility for Substantive Offenses Committed by Co-Conspirators*

In addition to these three conspiracy charges, the indictment charges Kahlil Shelton and Deron Howell with a number of additional offenses. Count 2 charges both defendants with possession of a controlled substance with the intent to distribute. Count 4 charges both defendants with obstructing interstate commerce by robbery. Count 5 charges both defendants with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence and/or drug trafficking crime. Count 9 charges Deron Howell with obstructing interstate commerce by robbery. And Count 10 charges Deron Howell with using, carrying, and brandishing a firearm during and in relation to a crime of violence.

The government may prove Kahlil Shelton or Deron Howell guilty of these offenses by proving that he personally committed them.  The government may also prove either defendant guilty of these offenses based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to defendants as a necessary or natural consequence of the agreement.  In other words, under certain circumstances the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find a defendant guilty of the offenses charged in Counts 2, 4, 5, 9, or 10 based on this legal rule, you must find that the government proved beyond a reasonable doubt each of the following four (4) requirements:

| | |
|---|---|
| First: | That the defendant was a member of the conspiracy charged in the indictment; |
| Second: | That while the defendant was still a member of the conspiracy, one or more of the other members of the conspiracy committed the offense charged in Count 2, 4, 5, 9, or 10, by committing each of the elements of that offense, as I will explain those elements to you in these instructions.  However, the other members of the conspiracy need not have been found guilty of (or even charged with) the offense, as long as you find that the government proved beyond a reasonable doubt that the other members committed the offense. |
| Third: | That the other members of the conspiracy committed this offense within the scope of the unlawful agreement and to help further or achieve the objectives of the conspiracy; and |
| Fourth: | That this offense was reasonably foreseeable to or reasonably anticipated by the defendant as a necessary or natural consequence of the unlawful agreement. |

The government does not have to prove that the defendant specifically agreed or knew that this offense would be committed.  However, the government must prove that the offense was reasonably foreseeable to the defendant, as a member of the conspiracy, and within the scope of the agreement as the defendant understood it.

Authority:      Third Circuit Model Criminal Jury Instructions § 7.03.

Possession with the Intent to Distribute a Controlled Substance

Count 2 of the indictment charges Kahlil Shelton and Deron Howell each with possessing less than 50 kilograms of marijuana, a Schedule I controlled substance, with the intent to distribute the controlled substance, which is a violation of federal law.

25

In order to find Kahlil Shelton or Deron Howell guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt as to that defendant:

First:          That the defendant possessed a mixture or substance containing a controlled substance;

Second:      That the defendant possessed the controlled substance knowingly or intentionally;

Third:        That the defendant intended to distribute the controlled substance; and

Fourth:      That the controlled substance was marijuana.

*Controlled Substances – Possession Defined*

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that the defendant physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in his physical possession—that is, that the defendant had the ability to take actual possession of the substance when he wanted to do so—you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

*Controlled Substances Offenses – Controlled Substance Defined*

You are instructed that, as a matter of law, marijuana is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that Kahlil Shelton or Deron Howell possessed with the intent to distribute marijuana.

*Controlled Substances Offenses – Knowingly or Intentionally Defined*

To act knowingly, as used in the offense charged, means that the defendant was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense.

26

Knowingly does not require that the defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that the defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that the defendant knew that what he possessed with intent to distribute was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact marijuana. However, as long as you find that the government proved beyond a reasonable doubt that the defendant knew that what he possessed was a controlled substance, you need not find that he knew that the controlled substance was marijuana.

In deciding whether the defendant acted "knowingly or intentionally," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

*Controlled Substances – Intent to Distribute Defined*

In order to find Kahlil Shelton or Deron Howell guilty of possession of a controlled substance with the intent to distribute, as charged in Count 2 of the indictment, you must find that the government proved beyond a reasonable doubt that the defendant intended to distribute a mixture or substance containing a controlled substance. To find that the defendant had the intent to distribute, you must find that he had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether the defendant had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including his words and actions. In determining the defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

<u>Authority</u>:        Third Circuit Model Criminal Jury Instructions §§ 6.21.841A – 6.21.841-1, 6.21.841-3 – 6.21.841-5

<u>Hobbs Act</u>

The indictment alleges two counts of robbery in violation of the Hobbs Act. Specifically, Count 4 alleges

that Kahlil Shelton and Deron Howell obstructed interstate commerce by robbery.  Count 9 alleges the same, but only as to Deron Howell.  In order to sustain its burden of proof that Kahlil Shelton or Deron Howell interfered with interstate commerce by robbery as charged in Counts 4 and 9 of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt as to that defendant:

| | |
|---|---|
| First: | That the defendant took from the victim or victims alleged in the indictment the property described in Counts 4 and 9 of the indictment; |
| Second: | That the defendant did so knowingly and willfully by robbery; and |
| Third: | That as a result of the defendant's actions, interstate commerce or an item moving in interstate commerce was obstructed, delayed, or affected. |

*Hobbs Act - Robbery Defined*

Robbery is the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, whether immediately or in the future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Hobbs Act - "Unlawful Taking by Force, Violence or Fear" Defined*

The government must prove beyond a reasonable doubt that defendant unlawfully took the alleged victim's property against his will by actual or threatened force, violence, or fear of injury, whether immediately or in the future.  You must determine whether defendant obtained the property by using any of these unlawful means, as set forth in the indictment.  The government does not need to prove that force, violence, and fear were all used or threatened.  The government satisfies its burden of proving an unlawful taking if you unanimously agree that defendant employed any of these methods; that is, the government satisfies its burden only if you all agree concerning the particular method used by defendant.

In considering whether defendant used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would.  A threat may be made verbally or by physical gesture.  Whether a statement or physical gesture by defendant actually was a threat depends upon the surrounding facts.

*Hobbs Act - "Fear of Injury" Defined*

28

Fear exists if a victim experiences anxiety, concern, or worry over expected personal physical harm. The fear must be reasonable under the circumstances existing at the time of the defendant's actions.

Your decision whether the defendant used or threatened fear of injury involves a decision about the alleged victim's state of mind at the time of the defendant's actions. It is obviously impossible to prove directly a person's subjective feeling. You cannot look into a person's mind to see what his state of mind is or was. But a careful consideration of the circumstances and evidence should enable you to decide whether the alleged victim was in fear and whether this fear was reasonable.

Looking at the overall situation and the actions of the person in question may help you determine what his state of mind was. You can consider this kind of evidence—which is called "circumstantial evidence"—in deciding whether defendant obtained property through the use of threat or fear.

You have also heard the testimony of the alleged victim describing his state of mind—that is, how he felt about giving up the property. This testimony was allowed to help you decide whether the property was obtained by fear. You should consider this testimony for that purpose only.

You may also consider the relationship between the defendant and the alleged victim in deciding whether the element of fear exists. However, even a friendly relationship between the parties does not preclude you from finding that fear exists.

*Hobbs Act - Property Defined*

The term "property" includes money and other tangible and intangible things of value.

*Hobbs Act - Affecting Interstate Commerce*

The third element that the government must prove beyond a reasonable doubt is that the defendant's conduct affected or could have affected interstate commerce. Conduct affects interstate commerce if it in any way interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states. The effect can be minimal.

It is not necessary to prove that the defendant intended to obstruct, delay or interfere with interstate commerce or that the purpose of the alleged crime was to affect interstate commerce. Further, you do not have to decide whether the effect on interstate commerce was to be harmful or beneficial to a particular business or to commerce in general.

You do not even have to find that there was an actual effect on commerce.  All that is necessary to prove this element is that the natural consequences of the offense potentially caused an effect on interstate commerce to any degree, however minimal or slight.

    <u>Authority</u>:        Third Circuit Model Criminal Jury Instructions § 6.18.1951–1951.5, 1951.7

<u>Aiding and Abetting</u>

In considering Count 4, a person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.

In this case, the government also contends that Deron Howell and Kahlil Shelton, who are co-defendants in this case, aided and abetted one another and an uncharged accomplice in committing Hobbs Act Robbery.  In order to find either defendant guilty of Hobbs Act Robbery because he aided and abetted his co-defendant or an uncharged accomplice in committing this offense, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements as to that defendant:

| | |
|---|---|
| First: | That the co-defendant and/or an uncharged accomplice committed the offense charged by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.  However, the co-defendant and/or uncharged accomplice need not have been found guilty of the offense, or even charged, as long as you find that the government proved beyond a reasonable doubt that he committed the offense. |
| Second: | That the defendant knew that the offense charged was going to be committed or was being committed by his co-defendant and/or an uncharged accomplice; |
| Third: | That the defendant knowingly did some act for the purpose of aiding, assisting, or facilitating his co-defendant and/or an uncharged accomplice in committing the specific offense charged and with the intent that the co-defendant and/or an uncharged accomplice commit that specific offense; and, |
| Fourth: | That the defendant's acts did, in some way, aid, assist, or facilitate his co-defendant and/or an uncharged accomplice to commit the offense. |

In deciding whether the defendant had the required knowledge and intent, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant

guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, or facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the offense as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by his co-defendant or an uncharged accomplice as something the defendant wished to bring about and to make succeed.

To show that the defendant performed an act or acts in furtherance of the offenses charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by the defendant which at least encouraged his co-defendant or an uncharged accomplice to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, or facilitate his co-defendant or uncharged accomplice to commit the offense.  The defendant's act or acts need not further aid, assist, or facilitate, every part or phase or element of the offenses charged; it is enough if the defendant's act or acts further aid, assist, facilitate only one part or phase or element of the offense.  Also, the defendant's acts need not themselves be against the law.

Similarly, in Count 9, the government contends that Deron Howell and two uncharged accomplices aided and abetted each other in committing Hobbs Act Robbery.  In order to find Deron Howell guilty of Hobbs Act Robbery because he aided and abetted either of the two uncharged accomplices in committing the offense, you must find that the government proved beyond a reasonable doubt the same four (4) aiding and abetting requirements as to that defendant, as instructed above.

<u>Authority</u>:          Third Circuit Model Criminal Jury Instruction § 7.02.

<u>Using or Carrying a Firearm During Any Crime of Violence or Drug Trafficking Crime</u>

Count 5 of the indictment charges Kahlil Shelton and Deron Howell each with using and carrying a firearm during and in relation to a crime of violence and/or drug trafficking crime which is a violation of federal law.  The offenses alleged in Counts 1 and 2 are drug trafficking crimes.  The offenses alleged in Counts 3 and 4 are crimes of violence.

In order to find each defendant guilty of the offense charged in the indictment, you must find that the government proved each of the following three elements beyond a reasonable doubt as to each defendant.

| First: | That the charged defendant committed the crime of Conspiracy to Possess with the Intent to Distribute Marijuana, Possession with the Intent to Distribute Marijuana, Conspiracy to Commit Hobbs Act Robbery, or Hobbs Act Robbery as charged in Counts 1–4 of the indictment.  You must be unanimous as to which crime of violence or drug trafficking crime was committed; however, you may be unanimous to Conspiracy to Possess with the Intent to Distribute Marijuana, Possession with the Intent to Distribute Marijuana, Conspiracy to Commit Hobbs Act Robbery, or Hobbs Act Robbery or any of these crimes. |
|---|---|
| Second: | That during and in relation to the commission of that crime, the charged defendant knowingly used or carried a firearm. |
| Third: | That the charged defendant used or carried the firearm during and in relation to the crime of violence and/or drug trafficking crime. |

The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime of violence and/or drug trafficking crime.  "Use" means more than mere possession of a firearm by a person who commits a crime; to establish use, the government must show active employment of the firearm.  If the defendant did not either disclose or mention the firearm or actively employ it, the defendant did not use the firearm.  "Carry" means that the defendant possessed the firearm.

During and in relation to means that the firearm must have had some purpose or effect with respect to the crime of violence and/or drug trafficking crime.  The firearm must have at least facilitated or had the potential of facilitating the crime of violence and/or drug trafficking crime.

In determining whether the charged defendant used or carried a firearm in relation to the to the crime of violence and/or drug trafficking crime, you may consider all of the factors received in evidence in the case including the nature of the underlying crime of violence and/or drug trafficking crime, how close the charged defendant was to the firearm in question, the usefulness of the firearm to the to the crime of violence and/or drug trafficking crime, and the circumstances surrounding the presence of the firearm.

The government is not required to show that the charged defendant actually displayed or fired the weapon. However, the government must prove beyond a reasonable doubt that a firearm was in the charged defendant's possession or under his control at the time that the crime of violence and/or drug trafficking crime was committed and that the firearm facilitated or had the potential of facilitating the crime of violence and/or drug trafficking crime.

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive.  The term includes the frame or receiver of any such weapon.

The offense of using or carrying a firearm during or in relation to a crime of violence and/or drug trafficking crime charged in the indictment requires that the government prove that the defendant "knowingly" used or carried a firearm. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

Similarly, Count 10 of the indictment charges Deron Howell with using and carrying a firearm during and in relation to a crime of violence which is a violation of federal law.  The offenses alleged in Counts 8 and 9 are crimes of violence.

In order to find Deron Howell guilty of the offense charged in the indictment, you must find that the government proved each of the following three elements beyond a reasonable doubt.

> First:   That the charged defendant committed the crime of Conspiracy to Commit Hobbs Act Robbery or Hobbs Act Robbery as charged in Counts 8 and 9 of the indictment.  You must be unanimous as to which crime of violence was committed; however, you may be unanimous as to Conspiracy to Commit Hobbs Act Robbery, or Hobbs Act Robbery or any of these crimes.

> Second:   That during and in relation to the commission of that crime, the charged defendant knowingly used or carried a firearm.

> Third:   That the charged defendant used or carried the firearm during and in relation to the crime of violence.

<u>Authority</u>:  Third Circuit Model Criminal Jury Instructions §§ 6.18.924B and notes, 6.18.922A-2, and 5.02.

<u>Aiding and Abetting</u>

With respect to Count 5, the government also contends that Deron Howell aided and abetted his co-defendant Kahlil Shelton and/or an uncharged accomplice in using or carrying a firearm during and in relation to a crime a violence and/or drug trafficking crime.  With respect to Count 10, the government contends that Deron Howell aided and abetted uncharged accomplices in using or carrying a firearm during and in relation to a crime of violence.

In order to find the defendant guilty of aiding and abetting the offense of using or carrying a firearm during

and in relation to a crime of violence and/or drug trafficking crime, you must find that the government has proven the same four elements with respect to aiding and abetting upon which I have previously instructed you, with some further specifications.  That is, the government must prove that:

First:     That the co-defendant and/or uncharged accomplice committed the offense charged by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.

Second:    That the defendant knew that the offense charged was going to be committed or was being committed by his co-defendant and/or an uncharged accomplice;

The third element is slightly different in the context of a violation of 18 U.S.C. § 924(c).  Here, the government must prove:

Third:     That Deron Howell was an active participant in the crime of violence and/or drug trafficking crime and also had advance knowledge that his co-defendant Kahlil Shelton and/or an uncharged accomplice would use or carry a firearm during and in relation to the crime of violence and/or drug trafficking crime; and,

Fourth:    That Deron Howell's acts did, in some way, aid, assist, or facilitate his co-defendant Kahlil Shelton and/or an uncharged accomplice to commit the offense.  However, the defendant's acts need not further aid, assist, or facilitate the use or carrying of a firearm; it is enough if the defendant's acts further aid, assist, or facilitate the underlying crime of violence and/or drug trafficking crime.

To find that Deron Howell was an active participant the crime of violence and/or drug trafficking offense, you must find that the government proved Deron Howell knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging Kahlil Shelton and/or an uncharged accomplice in committing the crime of violence and/or drug trafficking crime and with the intent that Kahlil Shelton and/or an uncharged accomplice commit that offense.  To find that Deron Howell had advance knowledge that Kahlil Shelton and/or an uncharged accomplice would use or carry a firearm during and in relation to the crime of violence and/or drug trafficking crime, you must find that the government proved that Deron Howell had knowledge of the firearm at a time when he could do something with that knowledge, such as walking away from the criminal venture.

Authority:   Third Circuit Model Criminal Jury Instruction § 7.02 and notes.

Brandishing

If you find that the Kahlil Shelton or Deron Howell used or carried a firearm during and in relation to a crime of violence and/or drug trafficking crime, you should then consider whether they brandished that firearm.  The term

"brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

  <u>Authority</u>:   Third Circuit Model Criminal Jury Instruction § 6.18.924B and notes.

<u>Aiding and Abetting</u>

  With respect to both Counts 5 and 10, the government contends that Deron Howell aided and abetted Kahlil Shelton and/or an uncharged accomplice in brandishing a firearm during and in relation to a crime of violence and/or drug trafficking crime.  In order to find the defendant guilty of brandishing a firearm during and in relation to a crime of violence and/or drug trafficking crime because he aided and abetted his co-defendant Kahlil Shelton and/or an uncharged accomplice in committing the offense, you must find that the government proved beyond a reasonable doubt all four aiding and abetting factors described above with respect to this count.  That is,

   First:   That the co-defendant and/or uncharged accomplice committed the offense charged by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.

   Second:  That the defendant knew that the offense charged was going to be committed or was being committed by his co-defendant and/or uncharged accomplice;

   Third:   That Deron Howell was an active participant in the crime of violence and/or drug trafficking crime and also had advance knowledge that his co-defendant Kahlil Shelton and/or an uncharged accomplice would brandish (display or make the presence of a firearm known for purposes of intimidation) a firearm during and in relation to the crime of violence and/or drug trafficking crime; and,

   Fourth:  That Deron Howell's acts did, in some way, aid, assist, or facilitate his co-defendant Kahlil Shelton and/or an uncharged accomplice to commit the offense.  However, the defendant's acts need not further aid, assist, or facilitate, the brandishing of a firearm; it is enough if the defendant's acts further aid, assist, or facilitate the underlying crime of violence and/or drug trafficking crime.

<u>Discharge</u>

  If you find that Kahlil Shelton or Deron Howell used or carried a firearm during and in relation to a crime of violence, you should also consider whether he discharged—or fired—that firearm.  With respect to Count 5, the government contends that Kahlil Shelton and Deron Howell discharged a firearm during and in relation to a crime of violence/drug trafficking offense.

Respectfully Submitted,

SCOTT BRADY
United States Attorney

<u>s/ TIMOTHY M. LANNI</u>
TIMOTHY M. LANNI
Assistant U.S. Attorney
NJ ID No. 011242012

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                               )
       v.                      )
                               )    Criminal No. 17-260
KAHLIL SHELTON and             )
DERON HOWELL,                  )
                               )
            Defendants.        )
```

36

<u>VERDICT</u>

AND NOW, this _____ day of _____, 20_____, we, the Jurors empaneled in the above captioned case, hereby find as follows:

<u>Count 1 of the Indictment</u>

On Count 1 of the indictment, conspiracy to possess with the intent to distribute marijuana, we, the jury, find the defendant Kahlil Shelton:

_____ Guilty
_____ Not guilty

On Count 1 of the indictment, conspiracy to possess with the intent to distribute marijuana, we, the jury, find the defendant Deron Howell:

_____ Guilty
_____ Not guilty

<u>Count 2 of the Indictment</u>

On Count 2 of the indictment, possession with the intent to distribute marijuana, we, the jury, find the defendant Kahlil Shelton:

_____ Guilty
_____ Not guilty

On Count 2 of the indictment, possession with the intent to distribute marijuana, we, the jury, find the defendant Deron Howell:

_____ Guilty
_____ Not guilty

Count 3 of the Indictment

On Count 3 of the indictment, conspiracy to obstruct interstate commerce by robbery, we, the jury, find the defendant Kahlil Shelton:

_____ Guilty
_____ Not guilty

On Count 3 of the indictment, conspiracy to obstruct interstate commerce by robbery, we, the jury, find the defendant Deron Howell:

_____ Guilty
_____ Not guilty

Count 4 of the Indictment

On Count 4 of the indictment, obstruction of interstate commerce by robbery, we, the jury, find the defendant Kahlil Shelton:

_____ Guilty
_____ Not guilty

On Count 4 of the indictment, obstruction of interstate commerce by robbery, we, the jury, find the defendant Deron Howell:

38

_____ Guilty
_____ Not guilty

## Count 5 of the Indictment

On Count 5 of the indictment, using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, we, the jury, find the defendant Kahlil Shelton:

_____ Guilty
_____ Not guilty

If you find that Kahlil Shelton is guilty of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, did Kahlil Shelton brandish the firearm?

_____ Yes
_____ No

If you find that Kahlil Shelton is guilty of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, did Kahlil Shelton discharge the firearm?

_____ Yes
_____ No

On Count 5 of the indictment, using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, we, the jury, find the defendant Deron Howell:

_____ Guilty
_____ Not guilty

If you find that Deron Howell is guilty of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, did Deron Howell brandish the firearm?

_____ Yes
_____ No


    If you find that Deron Howell is guilty of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime, did Deron Howell discharge the firearm?

_____ Yes
_____ No

Count 8 of the Indictment


    On Count 8 of the indictment, conspiracy to obstruct interstate commerce by robbery, we, the jury, find the defendant Deron Howell:

_____ Guilty
_____ Not guilty


Count 9 of the Indictment


    On Count 9 of the indictment, obstruction of interstate commerce by robbery, we, the jury, find the defendant Deron Howell:

_____ Guilty
_____ Not guilty


Count 10 of the Indictment


    On Count 10 of the indictment, using or carrying a firearm during and in relation to a crime of violence, we, the jury, find the defendant Deron Howell:

_____ Guilty
_____ Not guilty

If you find that Deron Howell is guilty of using or carrying a firearm during and in relation to a crime of violence, did Deron Howell brandish the firearm?

_____ Yes

_____ No

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____