IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

KAHLIL SHELTON,

       Defendant.

Criminal No. 17-0260
ELECTRONICALLY FILED

### Memorandum Order denying Defendant's Motions to Modify Sentence and for New Judgment (doc. 393 and doc. 395)

Currently pending before this Court are the *Pro Se* Motions of Defendant seeking to modify his sentence and enter a new judgment reflecting credit for time served in state custody since August 8, 2017. (Doc. 393 and Doc. 395). The Government opposes Defendant's Motions and counters that his request is procedurally improper because the Court lacks jurisdiction over this dispute, and his claim is substantively without merit. Defendant's Motions will be DENIED.[1]

This case has a lengthy procedural history. Following a reversal and remand by the United States Court of Appeals for the Third Circuit vacating the jury verdict in this matter, this Court considered Defendant's suppression motion, which was resolved in favor of the Government and against Defendant. (Doc. 216, Doc. 262, Doc. 274). On March 2, 2020, Defendant pled guilty to Count Five (5) of the Superseding Indictment charging using, and carrying, a firearm during or in relation to a drug trafficking crime (namely in related to the

---

[1] In Defendant's Notice of Address Change, recently filed, he seeks for the Court to provide him a copy of the docket and the sentencing transcript, which the Court has previously ordered to be paid by the Government.

crime of possession with intent to distribute marijuana), in violation of 18 U.S.C. Section 924(c)(1)(A)(i).  (Doc. 278 and Doc. 280).[1]  Defendant further agreed to accept responsibility for the conduct charged at Count Two (2) of the Superseding Indictment, charging possession with intent to distribute less than 50 kilograms of marijuana, in violation of 18 U.S.C. Section 1951.

After denying Government's Motion for Upward Departure and request to add approximately 100 months to the Sentencing Guideline Range and issuing tentative findings and rulings primarily in Defendant's favor (doc. 327), on August 10, 2020, Defendant was sentenced by this Court to a 12-month variance from the Sentencing Guideline Range of 60 months imprisonment, to wit: 72 months of imprisonment and five (5) years of supervised release.

Defendant, however, was returned to state custody after the sentencing in this case. According to Defendant, having been released from state court custody on or about August 22, 2022 (see www.inmatelocator.cor.pa.gov/#/ParoleeSearchResults), his time served should have been credited against the federal sentence pursuant to Title 18 U.S.C. Section 3585, and with credit for time served in state custody, Defendant claims that he is subject to immediate release. (Doc. 395).  Defendant is currently housed at FCI Schuylkill, in Minersville, Pennsylvania.

Defendant contends that during the sentencing proceedings, this Court assured him that it would correct any sentencing miscalculation made by the Bureau of Prisons (BOP).  In ordering the Government's response, the Court ordered the official transcript of the sentencing proceedings be filed.  The transcript confirms that the Court did not express an opinion that the federal court sentence would run concurrent to any state court sentence.  (Doc. 396).

Although styled as Motions to Modify Sentence and for a New Judgment, the Court finds that Defendant is challenging the execution of his sentence, as opposed to the validity thereof. (*See Woodall v. Fed. Bur. of Prison*, 432 F.3d 235, 241 (3d Cir. 2005)).

Defendant's challenge to the Bureau of Prisons (BOP) execution of his sentence is based upon his disagreement with the computation of his sentence and whether this Court meant for the time served in state court to be credited against his federal sentence.  Therefore, he must pursue his administrative remedies before the BOP, and once he has properly done so, any petition must be filed under 28 U.S.C. Section 2241 in his district of confinement, that is, the Middle District of Pennsylvania.[2]  *Moscato v. Fed. Bur. Of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

To the extent that Defendant contends that this Court assured him that it would correct the BOP sentencing miscalculations, the transcript of the sentencing proceedings reveals that the Court stated that the BOP would "calculate that for you, and if you disagree with that matter, then you can have your lawyer deal with Bureau of Prisons in that regard, but there's a procedure to follow that, if you object to that calculation."  (Doc. 396 at 18-19.)

As the Government emphasizes, and this Court agrees, when Defendant was detained pending the disposition of this matter, the Commonwealth of Pennsylvania had primary jurisdiction over his person and whether any time spent in custody was credited towards his state sentence.  The docket reflects that the Government filed a *writ of habeas corpus ad prosequendum* to procure Defendant from SCI Smithfield.

According to the "primary custody doctrine," the first sovereign to arrest a Defendant may have the Defendant served a sentence imposed by that sovereign before he serves a sentence imposed by another sovereign.  *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982). Additionally, it is important to note that the transfer of a state prisoner "pursuant to a federal *writ of habeas corpus ad prosequendum* does not amount to a relinquishment of a state's primary

---

[2] The Court takes judicial notice that Defendant is housed in FCI Schuylkill, within the Middle District of Pennsylvania ( https://www.justice.gov/usao-mdpa/about-district)  (About The District (justice.gov).

jurisdiction." *Hanrahan v. Oddo*, 2019 WL 1620060, at *3 (M.D. Pa. Apr. 16, 2019) (citation omitted).[3]

The federal sentence commences only when the state relinquishes its primary jurisdiction over a Defendant. *Id*. at 62 n.3 (citing *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000)). Since the time Defendant temporarily spent in federal custody was credited towards the state sentence, it cannot be credited to the federal sentence. See 18 U.S.C.§ 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (noting that a defendant cannot receive a "double" sentencing credit for time spent in detention). (See Doc. 397-1).

Defendant's Motions to Modify Sentence and for New Judgment (doc. 393 and doc. 395) are therefore DENIED.

SO ORDERED, this 7th day of October, 2022

s/Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record

Kahlil Shelton
USMS 38692-068
SCHUYLKILL
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 759
MINERSVILLE, PA 17954

---

[3] Where an inmate is in primary state custody when a federal sentence is imposed, the BOP must determine whether the federal sentencing court expressed an intent that the federal sentence should run concurrently or consecutively with the non-federal sentence. *Sester v. United States*, 566 U.S. 231, 244 (2012). If the federal court is silent on this issue, the BOP construes the silence as an intent to impose a consecutive sentence. *See Galloway v. Warden of F.C.I. Fort Dix,* 385 F. App'x 59, 63 (3d Cir. 2010) (citing BOP Program Statement 510.05)..