IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                                        Criminal No. 17-0260
                                                    ELECTRONICALLY FILED

      v.

KAHLIL SHELTON,

       Defendant.

**Memorandum Order denying Defendant's Motion to Reduce Sentence (doc. 409)**

    **I.**        **Introduction**

Currently pending before this Court is the latest *Pro Se* Motion of Defendant seeking for this Court to reduce his sentence of 72 months imprisonment, under 18 U.S.C. § 3582(c)(2). Defendant bases his current Motion on his position that he should be immediately eligible for release and/or resentenced without a two-point "status" enhancement ("status point(s)") for committing the instant offense while on state parole, and that the 12-month consecutive sentence (which represented an upward variance) on the marijuana charge should be eliminated because his conviction on that crime should no longer stand under Fed. R. Evid. 201 because of "ghost drugs." Doc. 409. The "status point" argument is premised on the Amendments to the United States Sentencing Guidelines, and his belief that President Biden has pardoned anyone who was convicted and sentenced on marijuana charges. The Amendments have not yet gone into effect, there is no determination of their retroactivity, and in any event, a reassessment of the criminal history score would not impact the Guideline range, or the change the sentencing factors in this

1

matter under 18 U.S.C. § 3553(a).  For these reasons, Defendant's Motion will be DENIED. Doc. 409.

## II. Standard of Review

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). The First Step Act's Amendment of 18 U.S.C. § 3582 provides an example of such a specific authorization.

Section 3582(c)(2) authorizes district courts to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, after considering the factors set forth in Section 3553(a), to the extent that they are applicable. The statute imposes certain restrictions on the district court's discretion, allowing a sentence reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," or if it was subsequently made retroactive.  18 U.S.C. § 994(n).

## III. Procedural History

The Court recently recited the procedural history as explained in the prior Order on Motion to Reduce Sentence as follows:

> This case has a lengthy procedural history.  Following a reversal and remand by the United States Court of Appeals for the Third Circuit vacating the jury verdict in this matter, this Court considered Defendant's suppression motion, which was resolved in favor of the Government and against Defendant. (Doc. 216, Doc. 262, Doc. 274). On March 2, 2020, Defendant pled guilty to Count Five (5) of the Superseding Indictment charging using, and carrying, a firearm during or in relation to a drug trafficking crime (namely in related to the crime of possession with intent to distribute marijuana), in violation of 18 U.S.C. Section 924(c)(1)(A)(i).  (Doc. 278 and Doc. 280) Defendant further agreed to accept responsibility for the conduct charged at

> Count Two (2) of the Superseding Indictment, charging possession with intent to distribute less than 50 kilograms of marijuana, in violation of 18 U.S.C. Section 1951.
>
> After denying Government's Motion for Upward Departure and request to add approximately 100 months to the Sentencing Guideline Range and issuing tentative findings and rulings primarily in Defendant's favor (doc. 327), on August 10, 2020, Defendant was sentenced by this Court to a 12-month variance from the Sentencing Guideline Range of 60 months imprisonment, to wit: 72 months of imprisonment and five (5) years of supervised release.

Doc. 399.

Defendant was returned to state custody after the sentencing in this case, and he is currently housed at FCI Schuylkill, in Minersville, Pennsylvania. On September 14, 2022, Defendant filed a Motion to Modify Sentence arguing that the Bureau of Prisons (BOP) improperly miscalculated his credit for time served in state custody, and in contradiction of this Court's alleged statements at sentencing. Doc. 393.

By Memorandum Order of October 7, 2022, after considering the Government's response, and ordering the transcripts of the sentencing proceedings, the Court denied his Motion in this regard. Doc. 399. The Court stated, *inter alia*, that the transcript of the sentencing hearing confirmed that the Court did not express an opinion that the federal court sentence would run concurrent to any state court sentence. Doc. 396; Doc. 399. Nonetheless, the Court held that it did not have jurisdiction to address his Motion under Section 2241 and that his district of confinement was the proper place to address these issues after first exhausting his administrative remedies before the BOP.

Then, on October 31, 2022, Defendant filed another letter Motion, which this Court denied as moot by text Order for the reasons set forth in the October 7, 2023, Memorandum Order. Doc. 404. On November 16, 2022, Defendant filed his Notice of Appeal of the Memorandum Orders, and on May 3, 2023, the United States Court of Appeals for the Third

3

Circuit issued its Judgment affirming the Orders denying his Motions challenging the execution of his sentence. Doc. 410. The Court received the formal Mandate on that issue on July 14, 2023. Doc.411.

Meanwhile, on April 27, 2023, Defendant filed the instant Motion, now seeking a reduction of his sentence under the First Step Act, under Section 3582(c)(2), and on the basis of the arguments listed above in the Introduction Section. Attached to his current Motion is an April 12, 2023, letter indicating his exhaustion of his administrative remedies, as the BOP provided notice of denial of his Motion for Compassionate Release/Reduction in Sentence. Defendant filed a Supplement to the Motion to Reduce Sentence on July 1, 2023, and in it, he again argues that the Court should give him credit for time served in state custody as well as family circumstances in that his grandmother is in poor health. Doc. 412. This issue is ripe for consideration.

**IV.    Discussion**

Defendant bases his current Motion for Reduction in Sentence primarily on his reading of the upcoming November 1, 2023, Amendments to the Sentencing Guidelines, which will, *inter alia*, limit the impact of what is colloquially referred to as "status points," in determining a defendant's criminal history score and category under the Guidelines.

In fact, on May 1, 2023, the United States Sentencing Commission ("the Commission") submitted to Congress Amendments to the Sentencing Guidelines and Official Commentary, including a Criminal History Amendment, which makes two changes to the Chapter Four criminal history rules, both of which would reduce the guidelines range for some offenders. Amendments to the Sentencing Guidelines (Preliminary Version) (ussc.gov). These

Amendments, including an elimination of the additional "status points," will become effective on November 1, 2023, unless Congress acts to the contrary.

By Notice of April 5, 2023, the Commission has further issued a request for comment on the possibility of retroactivity of the Amendments, stating as follows:

> Section 3582(c)(2) of title 18, United States Code, provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in 2 section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to 28 U.S.C. § 994(u), "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."
>
> The criminal history amendment has the effect of lowering guideline ranges. The Commission intends to consider whether, pursuant to 18 U.S.C. 3582(c)(2) and 28 U.S.C. § 994(u), Parts A and B of this amendment, relating to the impact of "status points" at §4A1.1 (Criminal History Category) and offenders with zero criminal history points at new §4C1.1 (Adjustment for Certain Zero-Point Offenders), should be included in subsection (d) of §1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)) as an amendment that may be applied retroactively to previously sentenced defendants. In considering whether to do so, the Commission will consider, among other things, a retroactivity impact analysis and public comment. Accordingly, the Commission seeks public comment on whether it should make Parts A and B of this amendment available for retroactive application. To help inform public comment, the retroactivity impact analysis will be made available to the public as soon as practicable.

*Id.*

Additionally, a Memorandum of May 15, 2023, issued by the Office of Research and Data and the Office of General Counsel of United States Sentencing Commission explains the following:

>Part A of the 2023 Criminal History Amendment reduces the impact of "status points" for offenders who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. As amended, the "status points" provision under redesignated subsection (e) applies only to offenders with more serious criminal histories under the guidelines. "Status points" will no longer apply to offenders with less serious criminal histories—six or fewer criminal history points under subsections (a) through (d)—even if the instant offense was committed while the offender was under a criminal justice sentence.

https://www.ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf.

Under the current Guidelines Manual, and the 2018 Guidelines under which Defendant was sentenced, two criminal history points ("status points,") were added under to his criminal history under § 4A1.1(d) because the Defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Specifically, as set forth in the Presentence Investigation Report at paragraph 34 through 36, Defendant had a criminal history score of three; however, two points were added for commission of the instant crimes while on parole in Allegheny County under § Section 4A1.1(d). Doc. 307. Defendant's total criminal history score was determined to be a five, and according to the sentencing table in Chapter 5, Part A of the Guidelines, a criminal history score of five establishes a criminal history category of III.

However, here, Defendant was sentenced under 18 U.S.C. § 924(c)(1)(A)(i), which reads as follows:

>(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a

>firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>(i) be sentenced to a term of imprisonment of not less than 5 years.

Being that the statutory term of imprisonment was a minimum of five years to a maximum of life imprisonment, the Guideline range of imprisonment was also 60 months, the criminal history score, whether it was assessed at a three or five, was not, and is not determinative. Defendant was sentenced to 72 months imprisonment, 60 months (or 5 years) of which represented a mandatory statutory term on the charge to which he plead guilty, and the Court granted an upward variance of 12 months above the statutorily driven Guideline range of 60 months imprisonment.

The Court notes that it had previously denied the Government's motion for upward departure of 100 months. And, although the Government argued at sentencing that an upward variance of 84 months imprisonment was appropriate, the Court declined to impose the Government's suggested variance, instead sentencing defendant to 72 months imprisonment and five years of supervised release.[1] Doc. 396. In support of the 72 months of imprisonment, the Court stated at the sentencing that the criminal history of Defendant, at the young age of 23, warranted the upward variance to account for this criminal history and the likelihood the defendant will commit further crimes. Doc. 396. The Court did not, however, based the 12-month upward variance specifically on the extra two points for being on parole at the time of the offense.

In light of the above statutorily driven Sentencing Guideline range, there is no legal basis to justify a reduction of sentence in this case under Section 3582(c)(2) because the Guideline range has not yet been lowered, and retroactivity has not been determined. Ordinarily, the Court

---

[1] Co-Defendants Howell and Marinello were sentenced to 144-months imprisonment and 5 years of probation respectively.,

7

would deny such a Motion without prejudice to refiling in the event the "status point" elimination/reduction, under the November 1, 2023, Amendments to the United States Sentencing Guidelines, became retroactive.

However, Defendant's criminal history calculation and the assessment of status points for committing the offense while on parole, if eliminated, would not have impacted the Guideline calculation of 60 months in this matter, which is statutorily driven under 18 U.S.C. Section 924(c)(1)(A)(i).  Furthermore, upon due consideration of the Section 3553(a) factors, including Defendant's criminal, personal and social history, the need to avoid sentencing disparities and to provide for just punishment and deterrence, and the applicable Guideline range in this case, the Court finds that the sentence in this case is still appropriate.[2]

Defendant's Motion for Reduction of Sentence (Doc. 409) is therefore DENIED.

SO ORDERED, this 24th day of July, 2023

s/Arthur J. Schwab
United States District Judge


cc:	All ECF Registered Counsel of Record

Kahlil Shelton
USMS 38692-068
SCHUYLKILL
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 759
MINERSVILLE, PA 17954

---

[2] To the extent that Defendant argues President Biden would pardon him on the basis that his marijuana conviction or "ghost drugs," these arguments are meritless, because the marijuana was not the basis for the upward variance in this case.  Finally, as for Defendant's arguments in his supplement (Doc. 412), including that his grandmother's failing health justifies his immediate release, while unfortunate, the Court does not agree that the relief he requests is warranted.