IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

KAHLIL SHELTON,

       Defendant.

Criminal No. 17-0260
ELECTRONICALLY FILED

**Memorandum Order denying Defendant's Motion to Reduce Sentence (doc. 416)**

### I.    Introduction

Currently pending before this Court is the latest *Pro Se* Motion of Defendant seeking for this Court to reduce his sentence of 72 months imprisonment, under 18 U.S.C. § 3582(c)(2), on the basis that his "status points" for committing a crime while on probation should be reduced under Amendment 821. Defendant makes another argument for his release as well, claiming that his young age at the time of the commission of the offenses herein evidences that his brain was not fully developed. The Court previously held that Defendant is not entitled to a sentencing reduction and that Amendment 821 does not apply because Defendant's criminal history category had no impact upon the sentence in this case. Defendant's sentence was dictated not by the Guidelines calculation, but instead, by a statutory mandatory minimum of 60 months to life imprisonment pursuant to 18 U.S.C. Section 924(c)(1). The Court will not revisit that ruling and Defendant's new argument based upon his age is also unworthy of credence. Therefore, Defendant's Motion (Doc. 416) will be DENIED.

1

## II.     Procedural History

The Court recently recited the procedural history as explained in the prior Order on Motion to Reduce Sentence as follows:

> This case has a lengthy procedural history.  Following a reversal and remand by the United States Court of Appeals for the Third Circuit vacating the jury verdict in this matter, this Court considered Defendant's suppression motion, which was resolved in favor of the Government and against Defendant.  (Doc. 216, Doc. 262, Doc. 274). On March 2, 2020, Defendant pled guilty to Count Five (5) of the Superseding Indictment charging using, and carrying, a firearm during or in relation to a drug trafficking crime (namely in related to the crime of possession with intent to distribute marijuana), in violation of 18 U.S.C. Section 924(c)(1)(A)(i).  (Doc. 278 and Doc. 280) Defendant further agreed to accept responsibility for the conduct charged at Count Two (2) of the Superseding Indictment, charging possession with intent to distribute less than 50 kilograms of marijuana, in violation of 18 U.S.C. Section 1951.
> After denying Government's Motion for Upward Departure and request to add approximately 100 months to the Sentencing Guideline Range and issuing tentative findings and rulings primarily in Defendant's favor (doc. 327), on August 10, 2020, Defendant was sentenced by this Court to a 12-month variance from the Sentencing Guideline Range of 60 months imprisonment, to wit: 72 months of imprisonment and five (5) years of supervised release.

Doc. 399.

Defendant was returned to state custody after the sentencing in this case, and he is currently housed at FCI Schuylkill, in Minersville, Pennsylvania.  On September 14, 2022, Defendant filed a Motion to Modify Sentence arguing that the Bureau of Prisons (BOP) improperly miscalculated his credit for time served in state custody, and in contradiction of this Court's alleged statements at sentencing.  Doc. 393.

By Memorandum Order of October 7, 2022, after considering the Government's response, and ordering the transcripts of the sentencing proceedings, the Court denied his Motion in this regard.  Doc. 399.  The Court stated, *inter alia*, that the transcript of the sentencing hearing confirmed that the Court did not express an opinion that the federal court sentence would

run concurrent to any state court sentence. Doc. 396; Doc. 399. Nonetheless, the Court held that it did not have jurisdiction to address his Motion under Section 2241 and that his district of confinement was the proper place to address these issues after first exhausting his administrative remedies before the BOP.

Then, on October 31, 2022, Defendant filed another letter Motion, which this Court denied as moot by text Order for the reasons set forth in the October 7, 2023, Memorandum Order. Doc. 404. On November 16, 2022, Defendant filed his Notice of Appeal of the Memorandum Orders, and on May 3, 2023, the United States Court of Appeals for the Third Circuit issued its Judgment affirming the Orders denying his Motions challenging the execution of his sentence. Doc. 410. The Court received the formal Mandate on that issue on July 14, 2023. Doc.411.

On April 27, 2023, Defendant filed a Motion seeking a reduction of his sentence under the First Step Act, under Section 3582(c)(2), and on the basis of Section 3553(a). On July 24, 2023, this Court previously denied Defendant's Motion for Reduction of Sentence. Defendant filed the instant Motion on May 21, 2024 (Doc. 416), and the Government has filed its Response thereto on September 19, 2024. (Doc. 419). The Federal Public Defender's Office has advised that it will not supplement this Motion or Appoint Counsel. Accordingly, the instant Motion is now ripe for review.

### III. Discussion

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). The First Step Act's

Amendment of 18 U.S.C. § 3582 provides an example of such a specific authorization.

Section 3582(c)(2) authorizes district courts to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, after considering the factors set forth in Section 3553(a), to the extent that they are applicable.  The statute imposes certain restrictions on the district court's discretion, allowing a sentence reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," or if it was subsequently made retroactive.  18 U.S.C. § 994(n).

Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(2), which provides that a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," may bring his own motion for a reduction in his term of imprisonment. *Id.* § 3582(c)(2).

Section 1B1.10 of the United States Sentencing Guidelines is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in § 1B1.10(d) (formerly § 1B1.10(c), prior to the 2014 amendments). *See, e.g., United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995).  The Sentencing Commission identifies the amendments that may be applied retroactively pursuant to this authority. This includes Part A of Amendment 821. *See* U.S.S.G. § 1B1.10(a)(1) & app. n.8; § 1B1.10(a)(1) & app. n.1(A).

In *Dillon v. United States*, 560 U.S. 817, 826 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment and, considering § 3582(c)(2), "establishe[d] a two-step inquiry." "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. Section 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. *Id*. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id*; *see also* U.S.S.G. § 1B1.10(b)(1).  At step two, § 3582(c)(2) requires the court to consider any "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827

Defendant's request fails at the first step. In this case, prior to the advent of Amendment 821 Defendant's advisory Sentencing Guidelines range was 60 months to life imprisonment. After the imposition of Amendment 821, the Guideline range still remains 60 months to life imprisonment.  Simply put, Defendant's Criminal History Category did not impact the advisory range as determined at sentencing and it does not impact the advisory range now. Therefore, Defendant's Criminal History Category played no role in calculating his advisory range; the sentence required by the statute did. (See PSR ¶ 24).

To recount the Court's prior Order denying an almost identical request (albeit prior the retroactivity issue was resolved on Amendment 821 claims) under the current Guidelines

5

Manual, and the 2018 Guidelines under which Defendant was sentenced, two criminal history points ("status points,") were added under to his criminal history under § 4A1.1(d) because the Defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Specifically, as set forth in the Presentence Investigation Report at paragraph 34 through 36, Defendant had a criminal history score of three; however, two points were added for commission of the instant crimes while on parole in Allegheny County under § Section 4A1.1(d).  Doc. 307. Defendant's total criminal history score was determined to be a five, and according to the sentencing table in Chapter 5, Part A of the Guidelines, a criminal history score of five establishes a criminal history category of III.

However, here, Defendant was sentenced under 18 U.S.C. § 924(c)(1)(A)(i), which reads as follows:

> (A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
> (i) be sentenced to a term of imprisonment of not less than 5 years.

Being that the statutory term of imprisonment was a minimum of five years to a maximum of life imprisonment, the Guideline range of imprisonment was also 60 months, the criminal history score, whether it was assessed at a three or five, was not, and is not determinative.  Defendant was sentenced to 72 months imprisonment, 60 months (or 5 years) of which represented a mandatory statutory term on the charge to which he plead guilty, and the

6

Court granted an upward variance of 12 months above the statutorily driven Guideline range of 60 months imprisonment.

The Court notes again that it had previously denied the Government's motion for upward departure of 100 months.  And, although the Government argued at sentencing that an upward variance of 84 months imprisonment was appropriate, the Court declined to impose the Government's suggested variance, instead sentencing defendant to 72 months imprisonment and five years of supervised release.[1]  Doc. 396.  In support of the 72 months of imprisonment, the Court stated at the sentencing that the criminal history of Defendant, at the young age of 23, warranted the upward variance to account for this criminal history and the likelihood the defendant will commit further crimes.  Doc. 396.  The Court did not, however, based the 12-month upward variance specifically on the extra two points for being on parole at the time of the offense.

However, as the Court previously ruled in its July 24, 2023 Order, Defendant's criminal history calculation and the assessment of status points for committing the offense while on parole, if eliminated, would not have impacted the Guideline calculation of 60 months in this matter, which is statutorily driven under 18 U.S.C. Section 924(c)(1)(A)(i).  Doc. 413.  This is the law of the case,[2] and there has been no intervening change in the law that justifies a revisiting of the Court's prior ruling, nor is there any need to correct a manifest injustice in this case..

---

[1] Co-Defendants Howell and Marinello were sentenced to 144-months imprisonment and 5 years of probation respectively.

[2] "The law of the case doctrine limits re-litigating an issue once it has been decided' in an earlier stage of the same litigation," but it does not precluded reconsideration under certain circumstances, including a change in the law or to prevent manifest injustice *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) (*quoting In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)). *Yurcic v. Purdue Pharma*, L.P., 343 F.Supp.2d 386, 391 (M.D. Pa. 2004) (citing *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998); *Southco, Inc. v. Kanebridge Corp.*, 324 F.3d 190, 194 (3d Cir. 2003)).

Furthermore, upon due reconsideration of the Section 3553(a) factors, the Court is not convinced by Defendant's argument regarding his young age at the commission of the offenses in this case. The Court continues to find that Defendant's criminal, personal and social history, the need to avoid sentencing disparities and to provide for just punishment and deterrence, all ssupport the Court's decision that the sentence in this case is still appropriate.

Defendant's Motion for Reduction of Sentence is therefore DENIED.  Doc. 416.

SO ORDERED, this 8th day of October, 2024

s/Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record

Kahlil Shelton
USMS 38692-068
SCHUYLKILL
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 759
MINERSVILLE, PA 17954